**PRYOR & MANDELUP, L.L.P.**
**Attorneys for Defendants**
**A. Scott Mandelup, Esq.**
**Neil Ackerman, Esq.**
 **675 Old Country Road**
 **Westbury, New York 11590**
**(516) 997-0999**
asm@pryormandelup.com
na@pryormandelup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                        Case No. 8-20-71757-reg

BIORESTORATIVE THERAPIES, INC.,                    Chapter 11

                                        Debtor.
--------------------------------------------------------X
BIORESTORATIVE THERAPIES, INC.,

                                        Plaintiff,                         Adv. Pro. No. 8-20-08117-reg

        -against-

JOHN M. DESMARAIS and TUXIS TRUST,

                                        Defendants.                **ANSWER**

--------------------------------------------------------X

        Defendants, John M. Desmarais ("Desmarais") and Tuxis Trust ("Tuxis" and together

with Desmarais, "Defendants"), for their Answer to the Complaint of BioRestorative Therapies,

Inc. ("Debtor") in the above-captioned adversary proceeding, respectfully represent and state as

follows:

        1.        The allegations contained in Paragraphs "1", "2", and "4" constitute

statements of law to which no response is required.

        2.        The allegations contained in the first sentence of Paragraph "3" constitute

a statement of law as to which no response is required and Defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph "3".

        3.      Defendants admit the allegations contained in Paragraphs "5", "6", "7", "8", "9", "12", "24", "25", "27", "42", "49", and "63".

        4.      Defendants deny each allegation contained in Paragraph "6", except that Defendant Desmarais is an individual who has a mailing address of 26 Deer Creek Lane, Mount Kisco, NY 10549.

        5.      Defendants deny each allegation contained in Paragraph "10", except admit that at the time of the Tuxis Loan, Defendant Desmarais was a director and shareholder of the Debtor.

        6.      Defendants deny each allegation contained in the first sentence of Paragraph "11", except admit that Debtor executed and delivered to defendant Tuxis a promissory note, dated July 1, 2017, and refer the Court to the original thereof  for the terms thereof, and admit the allegations contained in the second sentence of Paragraph "11".

        7.      Defendants deny each allegation contained in Paragraph "13", except admit that at the time of the Desmarais Loan, Desmarais was a director and stock holder of the Debtor.

        8.      Defendants deny each allegation contained in Paragraph "14", except admit that Debtor issued and delivered to Defendant Desmarais a promissory note, dated July 13, 2017, and that Debtor and Defendants entered into a Security Agreement, dated as of July 13, 2017, and Defendants refer the Court to the originals thereof for the terms thereof.

9.      Defendants deny each allegation contained in Paragraph "15", except admit that a form UCC-1 financing statement with respect to the Desmarais Loan was first filed on December 13, 2019.

10.     Defendants deny each allegation contained in Paragraph "16", except admit that documentation with respect to the Desmarais Loan was filed with the United States Patent and Trademark Office ("USPTO") on December 20, 2019.

11.     Defendants deny each allegation contained Paragraph "17", except admit that Debtor and Defendant entered into a Security agreement, dated as of July 13, 2017, and refer the Court to the original thereof for the terms thereof.

12.     Defendants deny each allegation contained Paragraph "18", except admit that a form UCC-1 Financing Statement with respect to the Tuxis Loan was first filed on December 13, 2019.

13.     Defendants deny each allegation contained in Paragraph "19", except admit that documents with respect to the Tuxis Loan were first filed with the USPTO on December 20, 2019.

14.     Defendants deny each allegation contained in Paragraph "20", except admit that a form UCC-1 Financing Statement was filed in favor of Tuxis with the Delaware Department of State on December 13, 2019, with respect to the Tuxis Loan, and refer the Court to the originals thereof for the terms thereof, and Defendants admit that, upon information and belief, no such documents were previously filed with respect to the Tuxis Loan.

15.     Defendants deny each allegation contained in Paragraph "21", except admit that on December 20, 2019, documents were filed with the USPTO on behalf of Defendant Tuxis regarding the Tuxis Loan, and refer the Court to the originals thereof for the terms thereof.

16.    Defendants deny each allegation contained in Paragraph "22", except admit that on December 13, 2019, a form UCC-1 Financing Statement was filed in favor of Desmarais with the Delaware Department of State with respect to the Desmarais Loan, and, upon information and belief, no such documents were previously filed with respect to the Desmarais Loan.

17.    Defendants deny each allegation contained in Paragraph "23", except admit that on December 20, 2019, documents were filed in the USPTO on behalf of Desmarais with respect to the Desmarais Loan, and, upon information and belief, no such documents were previously filed with respect to the Desmarais Loan.

18.    In response to Paragraph "26", Defendants repeat the foregoing responses to Paragraphs "1" through "25".

19.    Paragraphs "28, "29", "33", "34", "35", "37","38", "39", "41", "47", "55", "58", "62", and "64" state legal conclusions to which no response is required, but to the extent a response is required, Defendants deny each allegation contained in said paragraphs.

20.    Defendants deny each allegation contained in Paragraph "30", except admit that the Tuxis UCC-1 and Tuxis IP Recordings annexed to the Tuxis Proof of Claim were filed for the benefit of Tuxis.

21.    Defendants deny each allegation contained in Paragraph "31", except admit that the Tuxis UCC-1 and Tuxis IP Recordings were filed for or on account of the Tuxis Loan, and prior to which time the Debtor owed Tuxis at least the amounts provided for in the Tuxis Note, plus accrued interest.

22.    Defendants deny each allegation contained in Paragraph "32", except admit that the Tuxis UCC-1 and the Tuxis IP Recordings were filed within 91 and 365 days before the Petition Date.

23.    In response to Paragraph "36", repeat and reallege the foregoing responses to Paragraphs "1" through "35".

24.    In response to Paragraph "40", repeat and reallege the foregoing responses to Paragraphs "1" through "39".

25.    Defendants deny each allegation contained in Paragraphs "43", "44", "46", "50", "54", "56", "59", "60", "65", "67", and "68".

26.    In response to Paragraph "45", repeat and reallege the foregoing responses to Paragraphs "1" through "44".

27.    In response to Paragraph "48", repeat and reallege the foregoing responses to Paragraphs "1" through "47".

28.    Deny each allegation contained in Paragraph "51", except admit that the Desmarais form UCC-1 financing statements and the Desmarais IP Recordings were filed for the benefit of Desmarais with respect to the Desmarais Loan.

29.    Defendants deny each allegation contained in Paragraph "52", except admit that the Desmarais UCC-1 and Desmarais IP Recordings were filed for or on account of the Desmarais Loan, and prior to which time the Debtor owed Desmarais at least the amounts provided for in the Desmarais Note, plus accrued interest.

30.    Defendants deny each allegation contained in Paragraph "53", except admit that the Desmarais UCC-1 and the Desmarais IP Recordings were filed within 91 and 365 days before the Petition Date.

31.     In response to Paragraph ""57", Defendants repeat and reallage the foregoing responses to Paragraphs "1" through "56".

32.     In response to Paragraph ""61", Defendants repeat and reallage the foregoing responses to Paragraphs "1" through" 60".

33.     In response to Paragraph ""66", Defendants repeat and reallage the foregoing responses to Paragraphs "1" through "65".

34.     Defendants deny each and every other allegation of the Complaint not hereinbefore expressly admitted.

## FIRST AFFIRMATIVE DEFENSE

35.     The Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

36.     Debtor was not insolvent on the date of the filing of the Desmarais and Tuxis form UCC-1 Financing Statements with the Secretary of State of Delaware (collectively, the "UCC-1 Filings") and the filing of the Desmarais IP Recordings and the Tuxis IP Recordings in the U.S. Patent and Trademark Office (collectively, the "USPTO Filings"), and Debtor was not rendered insolvent by the UCC-1 Filings or the USPTO Filings.

## THIRD AFFIRMATIVE DEFENSE

37.     Defendants did not receive more by virtue of the perfection of its liens than they would have received if Debtor's case was a case under Chapter 7 of the Bankruptcy Code, the alleged transfer had not been made, and Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

- 6 -

       **WHEREFORE**, Defendants demand judgment against Plaintiff, dismissing the Complaint with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
       September 16, 2020

                     PRYOR & MANDELUP, L.L.P.
                     *Attorneys for Defendants, John M.*
                     *Desmarais and Tuxis Trust*

               By: /s/ A. Scott Mandelup
                     A. Scott Mandelup
                     Neil Ackerman
                     675 Old Country Road
                     Westbury, NY 11590
                     Tel.: (516) 997-0999
                     Email: asm@pryormandelup.com
                             na@pryormandelup.com